IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DALE CHESTER BROWNE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 04-2121(PG)<br>Criminal No. 00-001 (PG) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On October 18, 2004, above petitioner filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his sentence after he entered a change of plea to counts one (1) and nine (9) of a Superseding Indictment for conspiracy to possess cocaine with intent to distribute and engaging in a money laundering conspiracy. **(Civil No. 04-2121, Docket No. 1; Criminal No. 00-001, Docket No. 310).** On November 20, 2000, after trial had initiated on a nine counts Superseding Indictment, petitioner plead guilty to two conspiracy counts; one related with his participation over an extended period in a large-scale cocaine importation scheme, and the other to the money laundering conspiracy.[1] He was thereafter sentenced to two hundred and sixty four (264) months of incarceration, a supervised release term of ten (10) years and a special monetary assessment of two hundred dollars ($200.00). An additional consecutive term of imprisonment of six-months was imposed for contempt of court. On January 18, 2005, the § 2255 petition was referred to this Magistrate

---

[1] 21 U.S.C. §§841(a)(1), 846; 18 U.S.C. §1956(a)(1)(B)(i)-(ii), (h).

Judge for report and recommendation.  (**Civil No. 04-2121, Docket No. 2**).

Petitioner submits the §2255 petition is timely under AEDPA[2] since it was filed within the one year period after the Supreme Court of the United States denied his *writ for certiorari*, that is October 6, 2003.  The government has not contested this issue.

In the post-conviction relief motion petitioner claims ineffective assistance of counsel because his guilty plea lacked voluntariness and understanding for having being made under advice of counsel which failed to meet the minimum standard of effectiveness.  As grounds thereof, petitioner submits trial counsel improperly exerted pressure on him, misrepresented material facts, withheld information in order to induce a plea of guilty, all of which may be substantiated by the motion to withdraw the plea.  Petitioner avers he was prejudiced by these actions because the sentencing court may have imposed a lower sentence if counsel would have informed the amount of drugs was incorrect.  Additionally, petitioner submits that, as could be indicated in the motion to withdraw the plea, counsel withheld information which resulted in an unintelligible plea of guilty.  Petitioner contends that at the time of sentencing he was expecting to receive a sentence for a lesser amount of drugs.  Thus, he states now being entitled to specific performance under the plea.

Petitioner also submits that, on direct appeal to his conviction, appellate counsel failed to argue his plea was unintelligible and involuntary, and solely submitted error for failing to

---

[2] Anti-terrorist and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996) incorporated to 28 U.S.C. §2255.

<u>Dale Chester Browne v. U.S.</u>
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 3

grant an evidentiary hearing on his motion to withdraw his plea.  As such, petitioner claims ineffectiveness of both his trial counsel, who conducted the plea negotiations, and of his appellate counsel, for not raising other issues on appeal.  Contrary to his prior claim for specific performance as to his plea, petitioner thereafter claims he should be entitled to new trial or to a new appeal.

Finally, petitioner contends that, under the rationale of <u>Blakely v. Washington</u>, and since the facts underlying the sentencing court's calculation of his base offense level was not admitted by petitioner, upon having been denied a hearing on his motion to withdraw the plea to argue quantity of drugs, he is entitled to Sixth Amendment protection.

## PROCEDURAL BACKGROUND

On April 26, 2000, petitioner was indicted, together with a number of other co-defendants, in five counts of a Superseding Indictment[3] charging conspiracy to possess cocaine with intent to distribute, bank fraud, two deliveries of a controlled substance and conspiracy to engage in money laundering, as prohibited by Title 21, <u>United States Code</u> 841(a)(1), in violation of 21 U.S.C. § 846,[4] 18 U.S.C. §§ 1344 and 1956(a))1)(B)(i)-(ii) and (h).[5]

---

[3] Petitioner was charged in counts one (1), six (6), seven (7), eight (8) and nine (9).

[4] 21 U.S.C. §846. Attempt and conspiracy
   Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

[5] 18 U.S.C. §1956(a))1)(B)(i)-(ii) and (h) provides that: "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

On November 20, 2000, petitioner entered a plea of guilty pursuant to a government's plea to the drug conspiracy and the money laundering conspiracy. The Rule 11 hearing was entertained by the Court. Some four months thereafter, petitioner filed a written motion to withdraw his guilty plea and same was denied without further proceedings in a detailed opinion upon finding unsupported allegations not substantiated by the plea transcript.

On May 18, 2001, petitioner was sentenced to a term of imprisonment of two hundred sixty four (264) months of imprisonment consistent with the agreed facts of the plea agreement. Because of an incident that amounted to contempt in the sentencing court's view, petitioner was also sentenced to six (6) months in jail consecutive to the two hundred and sixty four (264) months of the sentence previously imposed. Petitioner timely filed a Notice of Appeal arguing the District Court had erred by not granting an evidentiary hearing on the motion to withdraw his guilty plea and that his sentence for contempt, the consecutive six-month imposed, should be vacated for failure to grant allocution at the time said sentence was imposed.

The Court of Appeals for the First Circuit denied the claim the District Court should have granted petitioner an evidentiary hearing on the motion to withdraw his plea, upon lacking any specificity as to what he was expecting to prove at any evidentiary hearing, who would be called to testify and the areas it would cover, and any indication of why such a hearing might have been productive. Thus, the judgment of conviction was affirmed. United States v. Browne, 318 F.3d 261, 265 (1st Cir. 2003). The Court of Appeals, however, remanded the case for consideration of the contempt judgment.

Dale Chester Browne v. U.S.
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 5

On remand, the sentencing court entertained a hearing, made appropriate findings as to the contempt, reiterated its contempt finding but limited sentence thereunder to three consecutive months of imprisonment.  Petitioner submitted an appeal.  In the mandate issued on March 15, 2005, the Court of Appeals affirmed the contempt judgment.  As to petitioner's attempt to challenge anew the conspiracy sentence, even if there was appellate jurisdiction, the argument was deemed forfeited for failure to raise same in the original appeal and thus not available for consideration in the second appeal.

## LEGAL ANALYSIS

**I.    The <u>Blakely</u>[6] and/or <u>Booker</u>[7] Claims**.

Petitioner submits the sentencing court's determination as to facts not reflected in his plea as to the quantity of drugs violated <u>Blakely</u>.

In a conspiracy case, to apply the mandatory minimum to a particular co-conspirator, the sentencing court must make a specific finding, supportable by a preponderance of the evidence, ascribing the triggering amount to that co-conspirator. *See* <u>United States v. Colón-Solis</u>, 354 F.3d 101, 103 (1st Cir. 2004); <u>United States v. Swiney</u>, 203 F.3d 397, 401-06 (6th Cir. 2000); <u>United States v. Becerra</u>, 992 F.2d 960, 967 n. 2 (9th Cir. 1993); <u>United States v. Gilliam</u>, 987 F.2d 1009, 1013-14 (4th Cir. 1993).

---

[6]   <u>Blakely v. Washington</u>, 542 U.S.     , 124 S.Ct. 2531 (2004).

[7]   <u>United States v. Booker</u>, 543 US __, 125 S.Ct. 738 (2005) and <u>United States v. Fanfan</u>, 543 US __, 125 S.Ct. 738 (2005).

Dale Chester Browne v. U.S.
Civil No. 04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 6

In Apprendi,[8] the Supreme Court held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 488. Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment. *Id*. This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001).

Prior to the Apprendi decision, courts were certain drug quantity was merely a sentencing issue, not an essential part of the conviction. *See, e.g.*, United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996). However, subsequent to Apprendi, where drug quantity elevated the statutory maximum sentence, it needs to be proven beyond a reasonable doubt to the jury, although judges could still make all other drug quantity determinations at sentencing. *See* United States v. López-López, 282 F.3d 1, 22 (1st Cir. 2002). Thus, Apprendi has resulted in verdict questions to juries about drug quantity, which questions were asked only if the jury had found guilt on the underlying offense.

---

[8] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

In <u>Blakely</u>, the Supreme Court held the Sixth Amendment right to trial by jury was violated by imposition of a sentence above the "statutory maximum of the standard range" in the State of Washington's sentencing guidelines, because the sentence enhancement was based on aggravating facts which were determined by judicial, rather than jury fact finding.  As such, the Sixth Amendment is deemed violated by imposition of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... [T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  Thus, the Sixth Amendment is violated by judicial fact finding of facts germane to the application of a sentence enhancement. However, <u>Blakely</u> also asserts the Sixth Amendment is not violated if the defendant admits or stipulates to the facts germane to application of the sentence enhancement and further instructs nothing prevents the defendant from waiving his right to a jury trial of sentence enhancements.

Post <u>Blakely</u>, however, various courts have ruled all sentence-enhancing factors (other than criminal history) must be proven to a jury beyond a reasonable doubt. *See* <u>United States v. Pérez</u>, 338 F.Supp.2d 154 (D. Me. 2004); *see also* <u>United States v. Rivera-Calderón</u>, 354 F.Supp.2d 86, 2005 WL 188853 (D. Puerto Rico 2005).

Turning to the instant petition, the <u>Blakely</u> issues now raised, even on the most liberal interpretation, should be subject of summary dismissal.

Petitioner in this case did not go to a trial by jury but instead made a change of plea pursuant to a Plea Agreement ("the Agreement").  The Agreement included a Statement of

Dale Chester Browne v. U.S.
Civil No. 04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 8

Facts, which was signed by petitioner and his counsel, wherein petitioner acknowledged to the charges in Count One related to the drug trafficking offense, as well as with the evidence in the possession of the government that would establish his participation in narcotic trafficking. (Transcript of Change of Plea 11-20-2000, pp. 20-22, 24-26).[9]

Thus, petitioner admitted in the Agreement and the statement of facts attached thereto to an offense that involved one hundred and fifty (150) or more kilograms of cocaine.[10] The district judge ascertained petitioner understood and agreed to the representations during the Rule 11 colloquy.

Furthermore, petitioner did not object the Probation Office's Presentence Report during sentencing nor for purposes of the appeal or even in the §2255 petition. This report made reference to the terms of the Agreement and to the base offense level to be used for sentencing as thirty eight (38) since petitioner was not subsequently interviewed and did not accept personal responsibility, for which no adjustment was warranted. The government's version of fact was also made part of the Presentence Report and indicated petitioner herein was employed by the leader of the organization to oversee the off loading of cocaine, with individual deals being in excess of one hundred and fifty (150) kilograms of cocaine. The statutory provisions for sentencing thereunder would still provide a minimum of ten (10) years and

---

[9] As to the offense charged in Count Nine, petitioner has not raised any issue in this §2255 petition, for which the matter need not be addressed in this report and recommendation.

[10] Petitioner objected at the sentencing hearing to the drug quantity agreed upon during the Rule 11 and plea negotiations but the reasons asserted to withdraw the plea were not allowed by the district court nor on appeal (Transcript 5-18-2001, pp. 4-6, 11).

Dale Chester Browne v. U.S.
Civil No. 04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 9

maximum of life. Under the applicable guidelines, the imprisonment range would fall between 235-293 months, with a term of supervised release of at least five (5) years as to Count One and not more than three (3) years as to Count Nine. Thus, in addition to the Rule 11 colloquy where the Court informed petitioner of the consequences of his plea, the Presentence Report which was made available to petitioner prior to sentencing, also clearly stated the sentencing possibilities.[11] As such, petitioner cannot assert in this §2255 petition he was expecting to receive another sentence or was misinformed.

When a defendant pleads guilty or *nolo contendere* to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3) ] is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir.2000).

---

[11] In addition, although the report was available for inspection prior to sentence, petitioner declined to be interviewed by the Probation Officer when the report was being prepared.

Dale Chester Browne v. U.S.
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 10

In view of the foregoing, petitioner's claims of violation to the Blakely and Apprendi rationale are without merit, as these were also dismissed by the Court when submitted in his motion to withdraw his guilty plea and thereafter affirmed on appeal.

## II. The Booker-Fanfan claims.

Petitioner's § 2255 motion was filed before the Supreme Court ruled on the cases of United States v. Booker, 543 US __, 125 S.Ct. 738 (2005) and United States v. Fanfan, 543 US __, 125 S.Ct. 738 (2005).  Thus, no claims are made by petitioner pursuant to these two cases.  Nonetheless, since Booker and Fanfan are the most recent decisions of the Supreme Court on this matter making the sentencing guidelines advisory, we discuss them briefly to support our conclusion.

In United States v. González-Mercado, 2005 WL 740506 (1st Cir. 2005), appellant claimed his pleas were not entered in an intelligent manner because they were not informed by the Booker[12] holding, thus, the pleas were based upon a mistaken understanding of the operation of the federal sentencing guidelines.

The Court of Appeals for the First Circuit rejected appellant's claims under the previous holding in United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005) (holding "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany

---

[12] The Booker Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.Ct. at 756-57 and 767-68.

Dale Chester Browne v. U.S.
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 11

a guilty plea.").[13]  In addition, the Court of Appeals of the First Circuit made reference to the decision of Brady v. United States, 397 U.S. 742, 757 (1970) in which the Supreme Court held that "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faculty premise."  Thus, under the doctrine of *stare decisis*, the Court of Appeals of the First Circuit ruled in González-Mercado "the issue is foreclosed" because the "Booker decision, in and of itself, does not undermine the validity of the appellant's guilty pleas."  399 F.3d at 27.  Thus, the holding in González-Mercado supports our conclusion petitioner's § 2255 is without merit.

Furthermore, in reaching our conclusion, we cannot obviate the fact the Booker-Fanfan claims were not preserved by petitioner.

The argument that a Booker error occurred is preserved if the defendant below argued Apprendi or Blakely error or that the Guidelines were unconstitutional. This is broader in scope than the argument the mandatory Guidelines system was unconstitutional. Generally, there is no Booker argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant. United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005).

The applicable framework for review of unpreserved Booker claims appears in Antonakopoulos, 399 F.3d at 74 pursuant to the four-prong test established in United States v.

---

[13] In Sahlin, defendant and the government jointly stipulated both to the enhancement and the sentencing increase resulting from the enhancement, the district court was bound by this stipulation once it accepted the plea agreement. It did not, then, engage in fact finding in order to apply the enhancement, it merely applied the terms of the plea agreement, to which it was bound.  399 F.3d at 27.

Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), for unpreserved claims, to wit; there must be (1) an error (2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings. The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. *Id.* But to meet the third prong of the test, the defendant must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." Id. at 77 (citations and internal quotation marks omitted).  See United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005).

 The record does not show petitioner preserved the issues nor made any arguments before the District Court questioning the constitutionality of the Guidelines or the application of the Guidelines to his sentence under Apprendi or Blakely.  Neither was the issue preserved on appeal.

 Moreover, petitioner has failed to meet his burden there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system.

 The transcript of the sentencing hearing clearly establishes that during the re-sentence on April 11, 2003, the sentencing judge had the opportunity to reconsider the issues and modified solely the extent of the jail term for the contempt which was reduced from six (6) to three (3) months consecutive to the sentence already imposed for drug trafficking and money laundering.

<u>Dale Chester Browne v. U.S.</u>
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 13

The Court indicated it had applied the law to the defendant with a sentence it considered severe because the crime was severe and imposed the sentence it thought should be imposed. (Transcript 1-11-2003, p. 11).

In light of the sentencing court's clear manifestations, there is no likelihood that post-<u>Booker</u>, petitioner would be sentenced more leniently.  <u>Beauvaix,</u> 400 F.3d at 50; *cf*.  <u>United States v. Mackinnon</u>, slip op. No. 03-2219 (1st Cir. March 16, 2005) (the sentencing court criticized the government's decision to file an §851 information and considered the sentence policies applicable under the Guidelines to be unjust and *excessive* and granting no authority to for leniency).

Finally, it would be preposterous to elucidate how a sentencing court might have sentenced a defendant back in 2002 under the regime now established by <u>Booker</u>.

In view of the foregoing, the <u>Booker-Fanfan</u> claims were not preserved[14] and petitioner's § 2255 petition is without merit.[15]

---

[14] Furthermore, <u>Blakely</u> and <u>Booker-Fanfan</u> are not applicable to collateral review.  Retroactive effect of <u>Booker</u>, in establishing a new rule about the federal Sentencing Guidelines, was not addressed by the Supreme Court, *except* as to those cases which were not final when the decision was issued on January 12, 2005.  <u>Booker</u> 125 S.Ct. at 769; *see* <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005) (<u>Booker</u> does not apply retroactively to criminal cases that became final before its release); *cf*. <u>United States v. Hughes</u>, 2005 WL 147059 (4th Cir. 2005) (enhancement factors for sentencing used by court not jury although correct under the Guidelines allowed for re-sentencing after <u>Booker</u>). *See also* <u>Mackinnon</u>, slip op. No. 03-2219 (1st Cir. March 16, 2005) (The principles announced in <u>Booker</u> apply to all cases pending on direct review); <u>United States v. Sahlin</u>, 399 F.3d 27 (1st Cir. 2005) (<u>Booker</u> provides no basis to vacate the entry of a pre-<u>Booker</u> guilty plea); <u>United States v. Antonakopoulos</u>, 399 F.3d 68 (1st Cir. 2005).  Thus, no retroactive effect is applicable to this case.

[15] Still, the sentencing judge in the instant case may revisit this issue on leniency when considering this Magistrate Judge's report and recommendation, as to which petitioner will have an opportunity to submit timely objections.  *See* cases cited in <u>United States v. Serrano-Beauvaix,</u> supra.; <u>United States v. Hughes</u>, 396 F.3d 374, 381 n. 8 (4th Cir.2005); <u>United States v. Oliver</u>, 397 F.3d 369, 380 n. 3 (6th Cir. 2005) (*quoting* <u>United States v. Cotton</u>, 535 U.S. 625, 633, 122 S.Ct. 1781 (2002)); <u>United States v. Rodríguez</u>, 398 F.3d 1291, 1301 (11th Cir. 2005).

Case 3:04-cv-02121-PG   Document 7   Filed 05/24/05   Page 14 of 17

Dale Chester Browne v. U.S.
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 14

### III.     **Ineffective Assistance**.

Petitioner avers he is entitled to post-conviction relief because of ineffective assistance of counsel upon failure to present all issues he now claims in his appeal.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in Strickland v. Washingto, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Petitioner's claim of ineffective assistance is limited to a generalized discussion related to previously discussed attempt to withdraw his guilty plea claiming inducement and misinformation, lack of knowledge of the nature and consequences of his plea and counsel's failure to present these claims on his direct appeal.

Under Strickland v. Washington, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the

<u>Dale Chester Browne v. U.S.</u>
Civil No.  04-2121(PG)
Criminal No. 00-001 (PG)
Report and Recommendation
Page 15

circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

Petitioner presented to the District Court a request to withdraw his plea on allegations that it was not voluntary.  This was object of an Opinion and Order prior to imposition of his sentence (Criminal No. 001, Docket No. 375).  The basis of the claim of lack of voluntariness evolves as to the sentence being other than what petitioner had expected.  The transcript of the Rule 11 proceedings clearly shows the Court having appraised petitioner of the fact that if the sentence turned out to be higher than what he would be expecting, such reason provided no grounds for the court to allow petitioner to withdraw his plea. Transcript 11-20-2000, p. 15. The Court also stated to petitioner it was not bound by the sentencing guideline calculations, stipulations or sentencing recommendations. *Id*. p. 13.   Petitioner was assertive in his answer that no one made any predictions as to what sentence the Court would impose. *Id*. p. 19.

Additionally, at the time of petitioner's charges and entry of his plea, there was no hindsight that <u>Blakely</u> and subsequently <u>Booker</u> and <u>Fanfan</u>, would change the vision on the application of the federal Sentencing Guidelines, its policies and other considerations. However, at the time petitioner made his plea and was sentenced, <u>Apprendi</u> was already good law. Still, <u>Apprendi</u> did not overrule <u>Edwards v. United States</u>,  523 U.S. 511, 118 S.Ct. 1475 (1998), thus the Court could still determine both the amount and kind of controlled substance for which petitioner should be held accountable and impose sentence depending upon amount and kind.  *Id*. at 513-514. See <u>Derman v. U.S.</u>, 298 F.3d 34 (1st Cir. 2002).

Based not only on petitioner's own admissions during the Rule 11 colloquy, and the

sentencing court statements during sentencing that being duly represented by counsel, the parties agreed petitioner possessed with intent to distribute in excess of one hundred and fifty (150) kilograms of cocaine (Transcript 5-18-2001, p. 8). The Court concluded that during the period on or about 1987 through about December of 1996, petitioner was involved at different levels of trafficking cocaine and imported and distributed large amounts of cocaine, which individual deals were in excess of one hundred and fifty (150) kilograms of cocaine. *(Id.* p. 9.)

From a perusal of the criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find defense counsel's performance, at the change of plea hearing or on appeal, was unreasonable, there being no additional factual determinations to be made which would require an evidentiary hearing.

In view of the foregoing, petitioner's § 2255 petition is without merit.[16]

## CONCLUSION

Accordingly, it is recommended that petitioner's §2255 motion for post-conviction relief be DENIED.

IT IS SO RECOMMENDED.

---

[16] A hearing on petitioner's motion is not required in this case. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 24th day of May 2005.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE